IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ELIZABETH COX, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-02202-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BISHOP ENGLAND HIGH SCHOOL, | ) | |
| PATRICK FINNERAN, and UNKNOWN | ) | |
| DEFENDANTS A, B, C, and D | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff Elizabeth Cox's ("Cox") motion to remand, ECF No. 7. For the reasons set forth below, the court grants the motion to remand.

## I. BACKGROUND

Cox brought this action against her former employer, Bishop England High School ("Bishop England"), after she was fired over a political post she made to her Facebook page. In addition to Bishop England, Cox named as defendants Patrick Finneran, the school's principal, and four unknown defendants (collectively, together with Bishop England, "defendants") to represent those individuals who own and operate the school and/or were involved in the decision to discharge Cox. On July 8, 2019, Cox filed this action in the Berkeley County Court of Common Pleas. ECF No. 1-1.

Cox alleges two causes of action against the defendants. Her first cause of action alleges that Cox was wrongfully terminated. As part of that claim, Cox asserts that her discharge was wrongful because it was done in violation of S.C. Code Ann. § 16-17-560,

a criminal statute. Cox's second cause of action alleges that defendants breached her employment contract. Both claims arise under state law.

On August 6, 2019, defendants removed this action to this court. ECF No. 1. On August 13, 2019, Cox filed the instant motion to remand. ECF No. 7. On August 26, 2019, defendants responded to the motion, ECF No. 16, to which Cox replied on August 28, 2019, ECF No. 18. This motion is ripe for review. Defendants have several other motions currently pending with the court, including a motion to dismiss, ECF No. 4, a motion for default judgment, ECF No. 11, and a second motion to dismiss, ECF No. 15. Before the court can address those motions, it must address whether it has the authority to do so.

## II. STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction. Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy

exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### III. DISCUSSION

Defendants argue that the court has federal jurisdiction over each of Cox's claims under 28 U.S.C. § 1331. Although defendants concede that Cox's claims do not "arise under" federal law in the traditional sense, they rely on a narrow exception that confers federal jurisdiction to state law claims where those claims necessarily involve a substantial question of federal law. For the reasons discussed below, neither of Cox's claims fit into this narrow exception. Thus, because Cox's claims neither arise under federal law nor necessarily raise a substantial question of federal law, the court is without jurisdiction and remand is necessary.

**A. Wrongful Discharge Claim**

Defendants argue that this court has original jurisdiction over Cox's wrongful discharge claim under 28 U.S.C. § 1331 because the claim raises a substantial question of federal law and necessarily cannot be resolved without the adjudication of federal rights. The wrongful discharge claim necessitates resolution of a substantial federal issue, defendants argue, because it potentially infringes on their own federal rights under the United States Constitution. In other words, federal law is implicated by the defendants' constitutional defense. Defendants' contention misses the mark based on two well-settled principles of law. First, a wrongful discharge claim in South Carolina does not necessarily raise a substantial question of federal law. Second, claims that fail to receive federal jurisdiction under 28 U.S.C § 1331 cannot be redeemed by the assertion of a federal defense. By arguing otherwise, defendants seek to complicate what is a straight-

3

forward application of the well-pleaded complaint rule. Put simply, federal jurisdiction does not extend to Cox's wrongful discharge claim because her right to relief does not arise from federal law.

Federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under what has become known as the well-pleaded complaint rule, [28 U.S.C.] § 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law . . . ." In re Blackwater, 460 F.3d at 584 (4th Cir. 2006) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In South Carolina, a wrongful discharge claim by an at-will employee can only stand where the discharge is in clear violation of public policy. Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 225 (1985). The South Carolina Supreme Court has held that "[t]his public policy exception clearly applies in cases when an employer requires an employee to violate the law or the reason for the employee's termination was itself a violation of criminal law." Lawson v. S.C. Dep't of Corr., 340 S.C. 346, 350 (2000) (citing Garner v. Morrison Knudsen Corp., 318 S.C. 223 (1995)). Therefore, to satisfy an element of her wrongful discharge claim, Cox alleges that her firing was in violation of S.C. Code Ann. § 16-17-560, which states: "It is unlawful for a person to . . . discharge a citizen from employment or occupation . . . because of political opinions or the exercise of political rights and privileges guaranteed to every citizen by the Constitution and laws

of the United States or by the Constitution and laws of this State." S.C. Code Ann. § 16-17-560.  Although this element of Cox's claim implicates federal rights under the constitution, it is insufficient to confer federal jurisdiction over a wrongful discharge claim in South Carolina.

Defendants argue that Cox's claim fits into a narrow exception to the well-pleaded complaint rule, under which "even though [a] cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996).  To meet this exception, a defendant seeking to remove "must establish two things:  (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.  Dixon v. Coburg Dairy Inc., 369 F.3d 811, 816 (4th Cir. 2004).

In Dixon, the Fourth Circuit directly addressed whether a wrongful discharge claim that incorporates S.C. Code Ann. § 16-17-560 falls into the "small class of cases" that meets this exception. Id. (quoting Ormet Corp., 98 F.3d at 806).  The facts of Dixon are similar to those in front of the court.  There, the plaintiff brought a wrongful discharge action against his employer after he was fired over his refusal to remove a confederate flag sticker from his lunch pail.  Id. at 814.  He similarly incorporated S.C. Code Ann. § 16-17-560 into his claim, as evidence that his firing was unlawful.  Id. Although he claimed that his firing violated his federal constitutional rights under the

First Amendment, the Fourth Circuit found that this implication of federal law was neither necessary nor substantial.

In <u>Dixon</u>, the Court found the first prong of the test, "that the plaintiff's right to relief necessarily depend[] on a question of federal law," lacking because a South Carolina plaintiff can establish a wrongful discharge claim without reliance of federal law. <u>Dixon</u>, 369 F.3d at 818. Under S.C. Code Ann. § 16-17-560, an employer's conduct is unlawful if it fires an employee (1) because of her political opinions, (2) because of the exercise of her federal rights, or (3) because of the exercise of her state rights. Therefore, a plaintiff incorporating S.C. Code Ann. § 16-17-560 into her wrongful discharge claim has three avenues from which she might prove the illegality of her employer's action. The Fourth Circuit found, therefore, that a plaintiff's right to relief under a wrongful discharge claim that incorporates S.C. Code Ann. § 16-17-560 does not necessarily depend on a question of federal law. <u>Dixon</u>, 369 F.3d at 818 ("Because [plaintiff] could prove that [his employer] terminated him in violation of Section 16-17-560 [without reliance on federal law], [plaintiff's] claim . . . does not necessarily depend on a question of federal law.").

Cox's claim is nearly identical to that of the plaintiff's in <u>Dixon</u>, and her right to relief similarly does not necessarily depend on a question of federal law. While Cox could establish her claim based on a violation of her federal rights, she could just as easily establish a right to relief through a showing that defendants violated her South Carolina constitutional rights or that she was fired due to her political opinions. Neither

of these avenues implicate federal law. Therefore, like the plaintiff's claim in Dixon, Cox's right to relief does not necessarily depend on a question of federal law.

Nor did the claim in Dixon, the Fourth Circuit found, satisfy the second prong of the exception's test, that the implicated question of federal law be substantial. 369 F. 3d 811 at 818 ("Even if Dixon's claim . . . necessarily depended on a question of federal law, the question of federal law raised . . . is not substantial."). The Fourth Circuit relied on the Supreme Court's holding in Merrell Dow, that "a complaint alleging a violation of federal statute as an element of a state cause of action, when Congress has determined that there shall be no private, federal cause of action for the violation does not raise a substantial question of federal law." Id. (citing Merrell Dow, 478 U.S. at 814) (internal quotation marks omitted). Because Congress has not extended First Amendment protections to members of the private workplace by way of a federal remedy, the Fourth Circuit reasoned, the inclusion of a violation of the plaintiff's First Amendment rights as an element of his wrongful discharge claim did not create a substantial question of federal law. Id. at 819.

Cox's instant claim similarly fails to raise a substantial question of federal law, assuming that it necessarily raises one at all. The federal question that would be implicated in Cox's claim is whether her firing violated her First Amendment rights. This is the same question, in a very similar context, that the Fourth Circuit found insubstantial in Dixon. Therefore, defendants cannot show that Cox's wrongful discharge claims meets either prong of the test applied in Dixon. Thus, Cox's claim is

not within the very small classes of claims to which federal question jurisdiction extends despite not arising under federal law.

Defendants nevertheless argue that this case does fit into the narrow exception that was applied and rejected in Dixon. The distinction between the present case and Dixon, defendants argue, is that while the defendant in Dixon relied on a federal issue that was imbedded as an element of the state law as its grounds for federal question jurisdiction, defendants here rely on their own assertion of a federal issue. Defendants contend that because Cox's claim requires an examination of the defendants' federal constitutional rights under the Free Exercise and Establishment Clauses of the First Amendment, federal law is necessarily implicated in a substantial way. In other words, defendants contend that federal question jurisdiction exists based on their assertion of a federal defense. This distinction brings defendants even further from federal question jurisdiction.

The well-pleaded complaint rule applies equally to plaintiffs who seek to plead their way into federal court and defendants who seek to remove their way there. See Merrell Dow, 478 U.S. at 808. "Actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." In re Blackwater, 460 F.3d at 584. "In other words, a defendant may not defend his way into federal court because a federal defense does not create a federal question under [28 U.S.C.] § 1331." Id. The law on this point is clear: In determining federal question jurisdiction "[p]otential defenses and counterclaims involving the Constitution or laws of the United States are ignored." Wells Fargo Bank, N.A. v. Bryant, 2015 WL 13227643, at *1 (D.S.C. Dec. 18, 2015) (citing Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)); see also

Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction.").

The defendants' federal rights in this case are pertinent to Cox's right to relief only to the extent that they would be used as a shield to defend against her claim. The defendants' assertion of a federal constitutional defense is an improper basis for federal question jurisdiction. The plaintiff has asserted no right to relief that arises from, or necessarily requires the resolution of federal law. The defendants' potential constitutional defense cannot confer federal question jurisdiction. Thus, this court lacks jurisdiction under 28 U.S.C. § 1331 over Cox's wrongful discharge claim.

**B. Breach of Contract Claim**

Defendants also assert that federal jurisdiction extends to Cox's second claim for breach of contract because that claim requires analysis into both the federal ministerial exception and the constitutional "right to freedom of expressive association."[1] Without reaching the substance of those arguments, it is clear that they are federal defenses to Cox's breach of contract claim and thus ineffective to confer federal jurisdiction over it. Like her wrongful discharge claim, Cox's breach of contract claim only requires analysis into federal law to the extent that the defendants assert federal defenses. Discussed above, the use of federal defenses cannot confer federal jurisdiction over state claims. In sum, the defendants must present a basis other than their own defenses from which the

---

[1] Defendants, in their response to Cox's motion to remand, incorporate arguments from their motion to dismiss, ECF No. 4. The Court only addresses these arguments to the extent that they apply to the existence of federal jurisdiction. The court does not have the authority to consider the substance of these arguments in the context of the defendants' motion to dismiss because it does not have jurisdiction over the matter.

9

court can derive federal jurisdiction. Because no source of federal jurisdiction exists in either of Cox's claims, remand to the state court is necessary.

### IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to remand.

**AND IT IS SO ORDERED.**

                                      **DAVID C. NORTON**
                                      **UNITED STATES DISTRICT JUDGE**

**September 17, 2019**
**Charleston, South Carolina**